UNITED STATES of America,
Plaintiff—Appellee,

v.

James Earl JACKSON, Defendant—
Appellant.

No. 01–50462.
D.C. No. CR–98–00857–CBM–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided Aug. 5, 2002.

Before HUG, FARRIS, and
SILVERMAN, Circuit Judges.

MEMORANDUM *

James Earl Jackson appeals the district court's order requiring Jackson to pay restitution in the amount of $217,878.15. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we do not repeat it here except as is necessary to explain our opinion.[1]

◼ Jackson attacks the district court's restitution award on two grounds, neither

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Perhaps one historical aspect of this case is worth noting. This is the second time this case has appeared before us. In a previous decision, we held that the district court erred in treating Jackson's undistributed ERISA pension plan funds as currently available for restitution. *See United States v. Jackson,* 229 F.3d 1223, 1225–26 (9th Cir.2000). Because the district court corrected this error on remand, we need not discuss this issue or our prior decision any further.

of which is persuasive. First, Jackson argues that the district court erroneously based its restitution award on Jackson's ability to pay over a twenty year period, rather than a five year period. Because Jackson failed to raise this issue before the district court, we review for plain error. Under plain error analysis, an error that is plain requires reversal only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Zink,* 107 F.3d 716, 718 (9th Cir.1997) (quoting *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

The error alleged by Jackson was not plain. The 1995 versions of 18 U.S.C. §§ 3663 and 3664 do not expressly require a court to link the "ability to pay" analysis with the schedule for payment. Moreover, such a linkage is not implicitly required. Section 3663(f) simply deals with the *sentencing court's* ability to schedule payment of the award. It does not purport to address payment schedules that may be set through other proceedings (for example, should the government decide to enforce the award through a civil debt action). Accordingly, there is no clear rule requiring that a district court limit the amount of restitution to a sum payable within five years. As such, any error ascribable to the district court in failing to fashion its award after such a rule cannot be described as plain, clear, or obvious.

■ Jackson's second argument is that, regardless of the payment period a court may consider in setting the amount for restitution, the court erred in ordering him to pay $217,878.15, contending that he will never be able to pay that amount.

A district court's restitution order is reviewed for abuse of discretion. *See United States v. English,* 92 F.3d 909, 916 (9th Cir.1996). In setting the amount for restitution, a district court must consider "the amount of loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a). A district court may impose restitution on a presently indigent defendant as long as (1) the record indicates that the district court considered the defendant's future ability to pay, and (2) the order is based on some evidence that the defendant may be able to pay in the future. *See English,* 92 F.3d at 916–17.

A review of the record indicates that the district court did not abuse its discretion in ordering Jackson to pay $217,878.15. The district court received considerable information on Jackson's current and projected finances from both the government and the defense, and the court stated that it reviewed this information. Thus, the district court sufficiently considered Jackson's future ability to pay.

Furthermore, the district court grounded its decision on evidence that Jackson may be able to pay the full amount within the next twenty years. While Jackson's expenses may currently exceed his income, evidence showed that Jackson has $30,000 in equity in his home, as well as roughly $15,000 in personal property and $194,000 in pension funds (available at some future date).

In sum, because the district court considered Jackson's future ability to pay, and because the court's decision is based on evidence of future ability to pay, the court below did not abuse its discretion in ordering Jackson to pay $217,878.15 in restitution for his crimes.

The district court's decision is AFFIRMED.